UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2254(DSD/JJG)

Mattu Songa,

        Plaintiff,

v.                                                 **ORDER**

Sunrise Senior Living
Investments Inc., doing
business as Rosewood Estates,

        Defendant.

    Mattu Songa, 321 Old Highway 8 Southwest, Apartment
Number 204, New Brighton, MN 55112, pro se.

    Jeffrey B. Hardie, Esq., Thomas P. Murphy, Esq. and
Hunton & Williams, LLP, 1751 Pinnacle Drive, Suite
1700, McLean, VA 22102; Joel D. O'Malley, Esq. and
Dorsey & Whitney LLP, 50 South Sixth Street, Suite
1500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss or, in the alternative, for summary judgment by defendant Sunrise Senior Living Investments, Inc. (Sunrise), doing business as Rosewood Estates.  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion for summary judgment.

**BACKGROUND**

This employment dispute arises out of the February 2, 2010, termination of pro se plaintiff Mattu Songa by Sunrise.  From March 2004 until her termination, Songa worked at several Sunrise facilities. At the time of her termination, Songa was an assisted

living supervisor at the Rosewood Estates facility in Roseville, Minnesota. Compl. ¶ 3. Songa was hired as an at-will employee. See Cherwin Decl. Ex. A. Sunrise told Songa that her employment would continue "in accordance with applicable laws and regulations." Compl. ¶ 19. Songa received positive performance evaluations and was the only supervisor employed by Sunrise who was an African immigrant. See Songa Aff. ¶ 3; id. Ex. 6.

On January 10, 2010, Songa encountered a calendar entry referring to a "Negro appointment" with a physician at Rosewood Estates with whom she was scheduled to meet. Songa Aff. ¶ 7. Songa reported the entry to Executive Director Grace Hall. Id. ¶ 8. No action was taken in response to the entry. Id. ¶ 9. Songa alleges that, on several occasions, Hall stated that Songa "focused on ... culture too much." See Compl. ¶ 24; Songa Aff. Ex. 7. On February 2, 2010, Songa was terminated. Compl. ¶ 4. Hall later informed Songa that "[t]he reason for [her] termination was failure to work in a cooperative manner." Songa Aff. Ex. 5.

On August 19, 2013, Songa filed a complaint, alleging defamation, breach of contract, intentional infliction of emotional distress (IIED) and discrimination under Title VII and the Minnesota Human Rights Act (MHRA).[1] Sunrise moved to dismiss or, in the alternative, for summary judgment. On December 10, 2013,

---

[1] To the extent that Songa now argues a claim for retaliation, such a claim was not pleaded and is not properly before the court.

the court notified the parties that it would consider the instant motion as one for summary judgment and allowed the submission of additional materials.

## DISCUSSION

### I.   Rule 56(d)

Songa first argues that summary judgment is not warranted because discovery is not complete. "A party opposing summary judgment who believes that she has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56[d], which requires the filing of an affidavit with the trial court showing what specific facts further discovery might unveil." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999) (citation and internal quotation marks omitted). Songa filed an affidavit, but has not identified specific facts that discovery would reveal in support of her claims. Further, the parties were notified that the court intended to treat the instant motion as one for summary judgment. Upon such notice, Songa submitted a supplemental memorandum opposing summary judgment, but adduced no further evidence, exhibits or affidavits in support of her position. "Where a party fails to carry her burden under Rule 56[d], postponement of a ruling on a motion for summary judgment is unjustified." Id. (citation and internal quotation marks omitted). As a result, Songa's argument is

3

unavailing, and the court may properly consider summary judgment at this stage of the proceedings.

## II.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." Celotex, 477 U.S. at 323.

**III. Statute of Limitations**

As an initial matter, Sunrise argues that the claims for defamation and IIED are barred by the applicable statute of limitations. The court agrees.

In Minnesota, claims for defamation and IIED are subject to a two-year statute of limitations. See Minn. Stat. § 541.07; see also Wild v. Rarig, 234 N.W.2d 775, 791 (Minn. 1975) (per curiam); Wenigar v. Johnson, 712 N.W.2d 190, 208-09 (Minn. Ct. App. 2006). Songa was terminated in February 2010 and filed the instant action in August 2013. As a result, the defamation and IIED[2] claims are time-barred and summary judgment is warranted.[3]

**IV. Race and National Origin Discrimination**

Songa next argues that Sunrise discriminated against her on

---

[2] Even if the court construed the "emotional distress" claim as one for negligent infliction of emotional distress (NIED), which has a six-year statute of limitations, such a claim fails on the merits. See Minn. Stat. § 541.05, subdiv. 1(5). To prevail on an NIED claim, Songa must demonstrate that, among other things, she "suffered severe emotional distress with attendant physical manifestations." See Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005) (citation omitted). Songa has adduced no medical records or other evidence to demonstrate that she has met this requirement. As a result, summary judgment is warranted on any NIED claim.

[3] Sunrise also argues that the MHRA claim is time-barred. Because the court finds that the MHRA claim fails on the merits, it need not reach this argument.

the basis of her race and national origin.  Title VII and the MHRA[4] prohibit employers from "discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race ... or national origin."  42 U.S.C. § 2000e-2(a)(1).

In the absence of direct evidence, race and national origin discrimination claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A plaintiff must first establish a prima facie case of discrimination.  See Humphries v. Pulaski Cnty. Special Sch. Dist., 580 F.3d 688, 692 (8th Cir. 2009).  Upon such a showing, a defendant must articulate a legitimate, nondiscriminatory reason for its actions.  See id. at 692-93.  "If the employer makes such a showing, the plaintiff must then demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination."  Twymon v. Wells Fargo & Co., 462 F.3d 925, 935 (8th Cir. 2006) (citation omitted).

Here, even if Songa could establish a prima facie case of race or national original discrimination, Sunrise has provided a legitimate, nondiscriminatory research for her discharge: her

---

[4] The court applies the same analysis to claims under the MHRA and Title VII when, as here, the claims depend on identical facts and theories.  See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005).

6

failure to work cooperatively.  An employer's burden of showing a legitimate, nondiscriminatory reason for termination is not onerous. Bone v. G4S Youth Servs., LLC, 686 F.3d 948, 954 (8th Cir. 2012) (citation omitted), cert. denied, 133 S.Ct. 1252 (2013).  Indeed, the record reveals tension and frustration between Hall and Sunrise employees, including Songa.  See Songa Aff. Ex. 4.  Such concerns may constitute legitimate, nondiscriminatory reasons for termination.  See Larry v. Potter, 424 F.3d 849, 851 (8th Cir. 2005) (finding "negative work attitude" to be legitimate, nondiscriminatory reason (citation omitted)).

Thus, the burden shifts to Songa to demonstrate that Sunrise's proffered explanation is pretextual, and that discrimination is the true reason for the adverse action.  See Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1055 (8th Cir. 2007).  "There are at least two ways [Songa] may demonstrate a material question of fact regarding pretext."  Guimaraes v. SuperValu, Inc., 674 F.3d 962, 975 (8th Cir. 2012) (citation and internal quotation marks omitted).  "She may show that [Sunrise's] explanation is unworthy of credence because it has no basis in fact, or she may show pretext by persuading the court that discriminatory animus more likely motivated [Sunrise]."  Id. (citation omitted).  "Either route amounts to showing that a prohibited reason, rather than [Sunrise's] stated reason, actually motivated" her termination.  Id. (citation and internal quotation marks omitted).

Here, Songa argues that various job-related accolades and positive performance reviews demonstrate that the reason provided by Sunrise for her termination has no basis in fact. Songa's work history was generally positive. See Songa Aff. Exs. 3, 6. The "certificate of achievement" earned in mid-2005 and the evaluation of Songa in early 2009, however, are not determinative of her performance as viewed by Sunrise at the time of her termination in 2010. As a general matter, "evidence of a strong employment history will not alone create a genuine issue of fact regarding pretext and discrimination ... [but it] can be relevant when considering whether the record as a whole establishes a genuine issue of material fact." Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1020 (8th Cir. 2005) (citation omitted). As a result, Songa's employment history alone is not indicative of pretext.

Songa also argues that the "Negro appointment" calendar entry and the statement that Songa "focused on ... culture too much"[5] establish pretext. Songa, however, does not identify the source of the calendar entry. See Hitt v. Harsco Corp., 356 F.3d 920, 925 (8th Cir. 2004) (finding stray comments "are not persuasive evidence of motive when the remarks are made by persons other than a decisionmaker" (citation omitted)). Moreover, both the entry and

---

[5] The record is unclear as to whether the statement referred to Songa's focus on her own or others' cultures. Because the issue is not outcome-determinative, however, any such dispute will not preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

8

the comment about culture are wholly unrelated to the termination process.  Indeed, Songa does not argue that any reference to culture was made close in time to her termination.  See Simmons v. Oce-USA, Inc., 174 F.3d 913, 916 (8th Cir. 1999) ("Stray remarks that are remote in time do not support a finding of pretext for intentional [race] discrimination." (alteration in original) (citations and internal quotation marks omitted)).  Further, the comment about culture is not indicative of discriminatory animus.  See Agarwal v. Regents of Univ. Of Minn., 788 F.2d 504, 509 (8th Cir. 1986) (per curiam).  In sum, the comments at issue are stray remarks and are not indicative of pretext.  As a result, Songa has not raised a material fact issue as to whether Sunrise discriminated against her because of her national origin or race, and summary judgment is warranted.

**V.   Breach of Implied Employment Contract**

Songa next alleges that Sunrise breached an implied promise that her employment would continue "in accordance with applicable laws and regulations."[6]  Compl. ¶ 19.  Songa does not dispute that

---

[6] Songa also argues that Sunrise "disclos[ed] ... [her] personnel files, and [had] secret discussions of her performance with co-workers, constitut[ing] fraud and deceit which constitute a breach of the implied covenant of fair dealing."  Compl. ¶ 20. To the extent that Songa alleges a claim for a breach of the implied covenant of good faith and fair dealing, "the Minnesota Supreme Court has squarely held that there is no implied covenant of good faith and fair dealing in Minnesota employment contracts," and summary judgment is warranted.  Poff v. W. Nat'l Mut. Ins. Co., 13 F.3d 1189, 1191 (8th Cir. 1994) (citations omitted).

she was hired as an at-will employee, but argues that the statement by Sunrise altered the at-will nature of her employment.

Under Minnesota law, "employment is generally considered to be at will." Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 741 (Minn. 2000) (citation and internal quotation marks omitted). As a result, the relationship "can be terminated for any reason or for no reason at all." Nelson v. Productive Alternatives, Inc., 715 N.W.2d 452, 454 (Minn. 2006) (citation omitted). Generally, an at-will employee has "no claim for wrongful termination or breach of an employment contract once discharged." Bolander v. Bolander, 703 N.W.2d 529, 545 (Minn. Ct. App. 2005) (citation omitted). "To overcome the presumption of at-will employment, [Songa] must present evidence [Sunrise] made oral or written statements with specific and definite provisions, and not general statements of policy." Lindgren v. Harmon Glass Co., 489 N.W.2d 804, 810 (Minn. Ct. App. 1992) (citation omitted). "General statements about job security ... are insufficient to overcome a grant of summary judgment to an employer." Id. (citation omitted). Here, the statement by Sunrise that it would continue to employ Songa "in accordance with applicable laws and regulations" is a general statement of policy lacking in any meaningful degree of specificity. Such a statement is insufficiently definite to alter the terms of the otherwise at-will employment relationship. As a result, summary judgment is

warranted.[7]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 12] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 16, 2014

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[7] Songa also argues that, by terminating her employment for discriminatory reasons, Sunrise breached an implied promise not to dismiss her for proscribed reasons.  "[T]ermination ... in contravention of discrimination law ... [i]s an exception to the at-will doctrine[.]" Knudsen v. Northwest Airlines, Inc., 450 N.W.2d 131, 133 (Minn. 1990).  Such a claim is properly pleaded under 42 U.S.C. § 1981. See, e.g., Skinner v. Maritz, Inc., 253 F.3d 337, 342 (8th Cir. 2001) (finding termination of at-will employee for a racially discriminatory reason violative of § 1981).

    Even if Songa had pleaded such a claim, however, it would fail. "[A] plaintiff must demonstrate purposeful discrimination to support a § 1981 claim." Bogren v. Minnesota, 236 F.3d 399, 409 (8th Cir. 2000) (citation omitted).  As already explained, the discrimination claims fail on the merits and, for the same reasons, summary judgment on any § 1981 claim would also be warranted.

11